# United States District Court
# Northern District of Indiana

| | |
|---|---|
| LEROY JEFFERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:10-CV-291 JVB |
| v. | ) |
| | ) |
| DR. RACHEL ROSS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Leroy Jeffers, a *pro se* prisoner, was granted leave to proceed on a claim that he has been denied proper medical care for a hernia.[1] (DE 5.) The defendant moves for summary judgment on the ground that Jeffers failed to exhaust his administrative remedies before filing suit. (DE 34.) Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own

---

[1] Jeffers, who also goes by the name Jeberekiah E. Kelubai, raised a multitude of other claims in his complaint, including claims about the food, clothing, and recreational facilities at the prison. (*See* DE 1.) Because Jeffers has incurred three or more "strikes" for filing frivolous litigation, *see Kelubai v. Henrich, et al.*, No. 03-3817 (7th Cir. May 17, 2004), he was only granted leave to proceed on the medical claim, for which he satisfied the "imminent danger" test. *See* 28 U.S.C. § 1915(g).

pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Here, the undisputed facts show that Jeffers has been housed at Westville Correctional Facility ("Westville") since May 15, 2010. (DE 37-2, Bean Aff. ¶ 7.) Westville has a two-step grievance process, whereby a prisoner must file a formal written grievance and, if dissatisfied with the response, an appeal. (*Id.* ¶¶ 4-6.) A record is kept of all grievances, and those records show that during the time he has been housed at Westville, Jeffers has filed multiple grievances regarding the conditions of his confinement. (*Id.* ¶¶ 8-9.) However, he has not filed any grievance regarding medical treatment for a hernia. (*Id.* ¶ 10.) Therefore, the defendant argues that this case must be dismissed without prejudice. (DE 36.)

Jeffers has not filed a formal response to the defendant's motion, but before the motion was filed he submitted a document labeled, "Motion to Reveal Administrative Remedies," in

which he asserts that he did properly exhaust before filing suit.[2] (DE 32.) In support, he attaches copies of numerous grievances he has filed while housed at Westville. (DE 32-1, 32-3, 32-4.) In these grievances Jeffers complains about the food, clothing, dental care, and recreational facilities at the prison. (*See id.*) None of the grievances pertain to medical care for a hernia, which is the sole claim Jeffers is proceeding on in this lawsuit. Because Jeffers did not properly exhaust his administrative remedies pertaining to the medical claim, his case must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the motion for summary judgment (DE 34) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED** on May 12, 2011.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[2] Jeffers filed two other documents after the motion for summary judgment was filed, but neither are responsive to the defendant's exhaustion argument. In the first document, Jeffers requests that the court order the defendant to immediately perform surgery on him. (DE 38.) In the other document, Jeffers complains about recent dental care he received from a dentist who is not a party to this lawsuit. (DE 39.)